SEND

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-8494 PA (MANx) | Date | January 24, 2012 |
|---|---|---|---|
| Title | Sanrio, Inc., et al. v. Kimlang Jeweler Designs, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | None | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| None | None | |

**Proceedings:**   ORDER TO SHOW CAUSE

The Court is in receipt of a Complaint filed by plaintiffs Sanrio, Inc. and Disney Enterprises, Inc. ("Plaintiffs"). Plaintiffs have sued defendants Kimlang Jeweler Designs and Kim Lang a/k/a Lana Ngu ("Defendants") for copyright infringement, trademark infringement and dilution, and unfair competition. Plaintiffs allege that Defendants import, manufacture and sell toys, jewelry and personal accessories that incorporate unauthorized likenesses of animated or live action characters or other logos owned by Plaintiffs.

Federal Rule of Civil Procedure 20(a)(1), which allows for permissive joinder of plaintiffs, provides that "[p]ersons may join in one action as plaintiffs if: (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." "The first prong, the 'same transaction' requirement, refers to similarity in the factual background of a claim." Coughlin v. Rogers, 130 F.3d 1348, 1350 (9th Cir. 1997).

Plaintiffs do not allege that they are co-owners of the infringed marks and copyrights. Instead, it appears from the Complaint that the only connection between Plaintiffs is the identity of Defendants and the coincidence that Defendants allegedly sell products that infringe the trademarks and copyrights of both plaintiffs. Based on the factual allegations in the Complaint, then, it does not appear that Plaintiffs' claims against Defendants arise out of the same transaction or occurrence. The Court therefore orders Plaintiff to show cause in writing, no later than January 31, 2012, why one or more parties should not be dropped from this case for improper joinder. See Fed. R. Civ. P. 18, 20, 21; see also Coughlin, 130 F.3d at 1351 (finding misjoinder where "[e]ach claim raises potentially different issues, and must be viewed in a separate and individual light by the Court"). The Scheduling Conference, previously calendared for January 30, 2012 at 10:30 a.m., is continued to 10:30 a.m. on February 06, 2012.

In response to this Order to Show Cause, Plaintiff may, if it so chooses, file separate actions against Defendants, with new complaints and filing fees.

IT IS SO ORDERED.